No. 9588.

CONTINENTAL TRUST COMPANY v. JOHNSTON ET AL.

EVIDENCE—*Parol Admissible.* Defendant executed to the Ice & Storage Company a receipt for certain bonds of the latter, reciting that they were deposited to indemnify defendant for any outstanding bonds of a prior issue. Later, $1,500.00 was deposited with defendant for securing it against liability upon certain bonds of the Ice & Storage Company, and a receipt was given by the latter company, endorsed upon the former contract, for certain bonds, specifying that they were "in lieu of $1,500.00 herewith deposited" with the defendant "to be held by said Trust Company in accordance with the terms under which said bonds were held, as per reverse side."

In an action by Johnston against defendant, parol was held admissible to show that the deposit so made was the money of Johnston, that at the time of the deposit there was an agreement that the same should be returned upon the furnishing of an indemnity bond (which had in fact been tendered), as to the money, because the writing said nothing about the ownership thereof, and as to the writing, because Johnston, though he subscribed the writing as President of the Ice & Storage Company was not a party thereto.

*Error to Denver District Court, Hon. Charles C. Butler, Judge.*

*Department* 2.

Mr. T. E. WATTERS and Mr. PERCY S. MORRIS, for plaintiff in error.

Mr. WILLIAM H. DICKSON, for defendants in error.

Mr. Justice Denison delivered the opinion of the court.

The plaintiff below, William C. Johnston, brought suit against the Continental Trust Company to recover $1,500. Trial was to the court and the plaintiff had judgment.

August 24th, 1915, the Trust Company gave to the Capital Ice and Storage Company a receipt for seven $1,000 bonds of the Ice Company, reciting that they were deposited for the purpose of indemnifying said trust company for

any outstanding bonds or coupons of a previous issue which might be presented to .said company. The receipt was signed by the trust company and below it was written. "Approved" "The Capital Ice & Storage Company, by William C. Johnston, President."

From time to time all of the bonds of the previous issue were surrendered and cancelled, but there were still outstanding coupons. The Trust Company accepted $1,500 as indemnity, surrendered all the remaining bonds held as above stated and the Ice Company gave the following receipt, written on the back of the above contract of August 24th, 1915: "Denver, Colorado, December 13, 1916. Received of the Continental Trust Company, Capital Ice & Storage Company Bonds, Nos. 105-106 and 107 each of a par value of $1,000.00, with coupons No. 2 and all subsequent thereto attached, in lieu of the sum of $1,500, which is deposited herewith with The Continental Trust Company, to be held by said Trust Company in accordance with terms under which said bonds were held as per reverse side. The Capital Ice & Storage Company, By Wm. C. Johnston, President."

Johnston based his suit upon the facts, which were found in his favor by the court, that the $1,500 belonged to him, and that he put it up with the trust company himself, and that it was then and there agreed between him and the trust company that upon he furnishing of an indemnity bond by him the $1,500 should be returned; that he had tendered such indemnity bond and the payment had been refused.

The court admitted evidence of this agreement, and in the last analysis, all the errors assigned by plaintiff in error rest upon the one question whether the admission of such evidence was right or wrong, i. e., within the rule against parol variation of writings or not.

The evidence was directed toward two points, *1st,* that the $1,500 was Johnston's money, and *2nd,* that there was an agreement that it should be returned to him when the indemnity bond should be furnished. The first did

not vary the writings because they showed nothing about the ownership of the money. If the second was inconsistent with the writings, yet Johnston was not a party to those writings and so was not bound by the rule that writings cannot be varied by parol; or rather, more accurately speaking, since he was not a party to the contracts, he was not bound by them and so he and the trust company might make any oral agreement, collateral or otherwise, regardless of them, and such oral agreement, of course, would not and could not vary the effect of the writing as between the parties thereto.

The suggestion that Johnston is bound by these contracts, because he signed them as president, is not sound. Surely a president as an individual may make a contract collateral to that of his company if not against its interest. If so he may prove it.

The argument that the reason for the rule that a stranger to a writing may vary it by parol is that he never assented to it and that since Johnston assented to it he is within the reason of the rule is not without weight, but the word assent as used in this connection must mean assent to be bound, i. e., assent to it as his contract. For aught we know Johnston may have disapproved the contract and have been overruled by his board of directors, but we regard it as of no consequence whether he did or not, unless he made the contract his.

If there had been any authority in support of the proposition of plaintiff in error the known ability and industry of its counsel assure us it would have been cited.

The objections concerning parties were waived by answer.

The judgment should be affirmed.

Garrigues, C. J., and Scott, J., concur.